**NEW HAVEN COUNTY, JULY TERM, A. D. 1792.**

BENEDICT ET AL., ADMINISTRATORS OF GEORGE NICHOLS, DECEASED, V. JOHN NICHOLS.

In an action of account by the administrators, the examination of the defendant respecting the concealment of the deceased property, may be given in evidence against him, but the whole must be taken together.

A defendant who has missed his plea may have liberty to alter it, although the cause is on trial to the jury.

ACTION of account for sundry articles of goods, etc. which belonged to the estate of said George deceased, of which he was bailiff and receiver from January A. D. 1784 to September A. D. 1788; to part of said articles the defendant plead that he was never bailiff and receiver, and as to the rest that he had fully accounted. Both issues were put to the jury.

The plaintiffs had cited the defendant before the Court of Probate to be examined upon oath touching certain property of the deceased, concealed in his possession, pursuant to the statute in such case provided, and offered to give evidence of what the defendant confessed upon that examination.

By the COURT. That examination was officially taken and may be given in evidence, but is not to be proved by parol testimony.

The plaintiffs then read that part of the examination which showed that the defendant had received the goods of the deceased and objected to reading the other part, whereby it appeared that he had accounted for them.

By the COURT. The whole must be taken together.

The defendant finding on trial, that some of the articles charged in the declaration, to which he had plead fully accounted, never existed, he moved for liberty to alter his plea as to them, and plead that he was never bailiff and receiver.

The court admitted it to be done, notwithstanding the case was on trial to the jury.   See Riply v. Fitch, Windham, March Term, A. D. 1792.