The Court took time for consideration, and their opinion (excepting that of the Chief Justice) was afterwards delivered by
Sewall, J.
Ward Nicholas Boylston, administrator de bonis non with the will annexed, of Thomas Boylston, late of London, deceased, appointed by letters granted in the county of Suffolk, having been cited into the Probate Court for that county, has been, in that court, and also in this Court, upon the appeal, examined by certain interrogatories; to which he has answered, that no effects or credits of the testator have come to his hands, since letters of administration were granted to him, excepting such as he claims to hold as his own property, by virtue of legal transfers and conveyances of the same from the said Thomas Boylston, long before his decease; referring to them specially, and making them parts of his answers; and stating, in particular, the receipts, which he claims to hold under them as his own property. The appellants contest, in a general view, the validity and effect of the transfers and conveyances exhibited and relied on by the respondent. And, further, they propose to control this evidence by other testimony and proofs; from which they would infer a legal fraud, to avoid the claim and title of the respondent.
This proposed trial, involving as well matters of fact as of law, has given rise to a question, which we have heard fully discussed, and are now prepared to decide, how far the Probate Court is competent, and will in this case exercise its jurisdiction, [ * 322 ] * in charging the administrator with assets not admitted by him.
And, upon consideration, we are all of the opinion that the Probate Court, in adjusting an account exhibited by an executor or administrator, are competent, having satisfactory evidence before them, to require an allowance of assets not inventoried or credited. (4) This authority, if it is an extension of the authority of the ecclesiastical court, seems to arise, in the Probate Court, out of the necessity of the case. But, in the exercise of this authority, it appears to us that the Probate Court, when the question is of magnitude, and depending upon an investigation of facts as well as law, ought to employ its discretion in rejecting or suspending the account, that the parties may have their remedy at law.
According to this opinion, the Court, if in the case at bar they were proceeding upon an account rendered, might refuse, in its *285 discretion, to enter upon the proposed trial, or to decree that the respondent, for the effects received by him, or any part of them, was, or was not, accountable. And the result of the examination of an account rendered, when it had proceeded so far, would be an assignment of the bond of administration, at the prayer of the party interested, to enable them to proceed in a trial at law.
But the case at bar is presented to us under a very different aspect from that of an account rendered by an administrator.
The process, in which this question arises, has been stated by the appellants to be grounded on the provision of the statute, [1783, c. 32, § 12,] which authorizes the Probate Court to convene before them, and examine upon oath, any person suspected of embezzling, conveying away, &c., the goods, effects, &c., of a deceased person. It is at least questionable, in the opinion of the Court, whether an executor or administrator can be, under any circumstances, liable to an examination pursuant to that provision of the statute. But, if he is, it is very clear that the authority of the Court, under that provision, extends only to an examination for the purpose of discovery. No other power is given by the statute; and, in that extent, it is analogous to the power exercised by * the [ * 323 ] Court of Chancery, in England, upon a bill for discovery. The examination is not to be controlled by other evidence. No relief can be granted upon it; the remedy being employed to enable the complainant to bring an action at law, or to furnish evidence in a suit pending. (5)
There is, however, another and more correct view, in which the case at bar may be considered. It is the duty of an executor, or administrator, to render an inventory, upon oath, of whatever effects of the deceased testator or intestate have come to his hands. He may be cited to render this inventory, or, in other words, to account. And, according to a provision of the statute for regulating proceedings upon probate bonds in the courts of common law, when the administrator shall refuse or neglect to account, upon oath, for' such property of the intestate as he may have received, especially if he has been cited by the Probate Court for that purpose, execution (that is, after judgment recovered upon the probate bond) shall be avoided against him for the full value of the personal property of the deceased, that has come to his hands, without any discount or allowance, &c. And when it shall appear that the administrator has received the personal property of his intestate, and shall not have exhibited, upon oath, a particular inventory thereof, execution shall be awarded, after a like judgment upon the bond, for the *286 whole penalty of such administration bond, to be distributed among the parties interested, agreeably to the directions of law.
In the case at bar, the administrator has been cited to account. His answers to the interrogatories, to which he has submitted himself, are, in effect, a refusal to render an inventory, a refusal to account; and he avers that no personal property of the testator has come to his hands. To decide upon the facts submitted, or upon the further proofs to be adduced, in this summary mode of trial, if conclusive upon the parties, would deprive them of the advantages of a trial upon more formal proceedings, and before a jury, to determine any facts contested between them; and, if not conclusive, this summary trial exposes them to fruitless vexation and expense.
[*324] *A court of chancery would, I apprehend, send a question of this kind for trial to a court of law. This Court has no power to do this in a direct manner in this case. But their power to execute any decrees they may made in the case, is confined to the penalty of the probate bond; and the statute, hay ing directed the course of proceeding in a suit thereon, and the judgment to which the party becomes liable, if the complaint should be maintained, is to be construed, we think, if not as determining exclusively, yet as unquestionably opening the remedy to which the parties may resort, where an administrator, being cited, has refused to account, or has neglected to render an inventory, having in his hands personal property of the testator or intestate.
It is impossible to construe the statute as requiring, in a case of this kind, of the party at whose promotion an action is to be brought upon the probate bond, the particular evidence there directed, and made essential, in certain instances, to the end that an execution, when a judgment is recovered upon the bond, may not always be issued in the name of the judge of probate ; but, in those instances, in the name of the party for whose particular use and benefit the money for which execution issues is to enure.
The bond is a lawful bond, made to the judge of probate, as the trustee of all parties concerned;'and his right of action, although to be exercised at his discretion, or under the judicial direction of the Probate Court, except in the instances specially provided for by the statute, is not taken away by any negative words, or necessary implication.
The administration granted to the respondent, with the will annexed of Thomas Boylston, is to be considered, not only as a means of collecting the effects of the testator within this jurisdiction, but of answering, according to the rules of the same jurisdiction, the demands of creditors, and all legal liens upon those effects. By the *287 will, under which the administrator is acting, it appears that the appellants are residuary legatees. They have, therefore, a direct and immediate interest in the account of the administrator, and in every process, which can be instituted, to determine the amount of the effects collected, and the charges to which they are * justly liable; or, in other words, in ascertaining the [*325] residuum of Thomas Boylston’s effects within this jurisdiction.
Morton and Dexter for the appellants.
Otis and Jackson for the respondent.
Upon the whole, we are all of the opinion, that the parties in this controversy ought to be referred to a trial at law. And that this may proceed free of any embarrassment from a previous decree, we shall, if no further cause be shown to the contrary, reverse the decree, given, as we understand, pro forma, by the judge of probate for the county of Suffolk; and we shall decree, that at the promotion of the appellants, they shall have authority to proceed, in the name of the judge of probate, but at their own risk and expense, in an action at law, upon the probate bond of the respondent.
The following decree was afterwards made.
“ All which being seen and considered, and by the Court here fully understood, it is thereupon ordered and decreed as follows, that is to say,
“ First. That at the promotion of the inhabitants of the town of Boston, claiming to be interested as residuary legatees of the said Thomas Boylston, deceased, if they see cause, the judge of probate for the county of Suffolk shall and may authorize the said inhabitants to commence and prosecute, in the name of the said judge of probate, but at their risk and eocpense, in which he shall be fully indemnified, an action at law upon the probate bond of the said Ward Nicholas Boylston, and to proceed therein to final judgment, to the end that it may be determined in a trial at law, whether the said Ward Nicholas Boylston, administrator as aforesaid, had or hath in his hands any goods, effects, or credits, or other personal property of the said deceased, of which he has neglected or refused to render a sufficient inventory or account, as the law requires.
“ Secondly. That the decree of the said judge of probate, interposed in the premises, and appealed from as aforesaid, be, and the same is hereby reversed; and all and singular the proceedings aforesaid are to be remitted to the said judge of probate, ivith this decree, that he may proceed therein according to law.”

 Com. Dig. Title Administration, c. 3.

 Com. Dig. Title Chancery, 3 b, 1, 2.