On application of executor or administrator, heir, creditor, legatee, or person having interest, &e., alleging that he sus *368 pects A. B. hath embezzled, &c., judge[1] may examine him on oath for discovery of property of deceased. On refusal to answer, judge may commit. The judge who granted administration, &c., has jurisdiction. N. H. Laws, ed. 1797, 248, 249; 1 Manuscript on Descent, &c., 691.
This is in the nature of bill of discovery in courts of equity. Complaint seeks no relief; judge can give none. It is in aid of some other jurisdiction, in civil suit; which other jurisdiction cannot compel discovery. (Discovery and relief may be in chancery, or discovery only in aid of other courts.) It is intended the better to enable such court to decide.
The answers may doubtless be used in a trial between the parties.
There can be no doubt as to constitutionality of this. Article 15, Bill of Rights, relates to criminal proceedings only. See 2 Manuscript on Descent, &c., 995, Idiots.
If not usable in action, of no use. Judge of probate cannot act after discovery ; must dismiss then ; functus officio. He has power to compel the discovery. Why ? Qui bono, if not evidence.
Objection. 1st, bill of rights ; (a) 2d, common-law maxim — furnish evidence in civil suits. Answer. Not so in equity. There defendant bound to discover.
Reason for deviation in case of deceased, idiots, &c.
In probate court, and on this examination, may exculpate as well as inculpate.
All proceedings before judge of probate evidence same as in other courts, equity, &c.
In modern times, held, person bound to answer, as a witness, questions which subject him to action.
*369 As to idiots, much verbiage [in the statute] ; meaning, same.
What hardship is it to be obliged to tell the truth ? No means used to produce any thing but truth.
This evidence only good against themselves, not others (not parties).[1]

 Bill of rights would not prevent erecting court of chancery; and the power of compelling discovery hy oath of parties is one of the most useful and essential powers of such court.
Was it ever doubted that this court could compel persons charged with contempt of court, or its process, to purge themselves on oath; to answer interrogatories touching the truth or falsehood of the charges? And yet this is a crime. •
See statute, ed. 1805, 281, husband compelled to answer on oath as to personal estate received in right of his wife, &c.

 An examination under the Connecticut statute was held admissible in Benedict v. Nichols, 1792, 1 Root, 434.
For cases where the examination of a debtor, or a witness, in bankruptcy proceedings, has been held to be evidence against the deponent in a civil suit, see Judd v. Gibbs, 1855, 3 Gray, 539; Lynde v. McGregor, 1866, 13 Allon, 182; Milward v. Forbes, 1802, 4 Esp. 171; Smith v. Beadnell, 1807, 1 Campb. 30; Stockfleth v. De Tastet, 1814, 4 Campb. 10; Robson v. Alexander, 1828, 1 M. & P. 448. (In Uhler v. Maulfair, 1854, 23 Pa. St. 481, the evidence excluded was given in a proceeding under a statute which provided that “ no such answer shall be used in evidence in any other suit or prosecution. ’ ’)
The deposition of a party, taken upon insufficient notice, has been held receivable in evidence against him, as an admission. Carr v. Griffin, 1863, 44 N. H. 510; Faunce v. Gray, 1838, 21 Pick. 243.
For the construction of this statute and similar statutes elsewhere, relative to examinations of persons suspected of embezzlement, see Young v. Tilden, 1824, 3 N. H. 74; Sewall, J., in Selectmen of Boston v. Boylston, 1808, 4 Mass. 318, 322, 323; O’Dee v. McCrate, 1831, 7 Greenl. 467; Bradley v. Veazie, 1860, 47 Me. 85; Sherman v. Brewer, 1858, 11 Gray, 210; Arnold v. Sabin, 1849, 4 Cush. 46, 49; Martin v. Clapp, 1868, 99 Mass. 470; Case’s Appeal from Probate, 1868, 35 Conn. 115; Ives’s Appeal, 1859, 28 Conn. 416; Howell v. Fry, 1869, 19 Ohio St. 556; Kimball v. Kimball, 1847, 19 Vt. 579.
See, generally, as to propounding interrogatories in probate court, Higbee v. Bacon, 1828, 7 Pick. 14; s. c. 1829, 8 Pick. 484; Stearns v. Brown, 1823, 1 Pick. 530; Saxton v. Chamberlain, 1828, 6 Pick. 422; Pope v. Jackson, 1831, 11 Pick. 113; Sigourney v. Wetherell, 1842, 6 Met. 553; Richardson, C. J., in Griswold v. Chandler, 1831, 5 R. H. 492, 497; Dyer v. Stanwood, 1834, 7 N. H. 261; Moore v. Taylor, 1862, 44 N. H. 370, 372-374.