## SAMUEL P. P. FAY, Judge &c. *versus* NEHEMIAH HUNT.

An action upon an administration bond brought for the benefit of a creditor of an heir, who levied on land which descended to the heir, but whose levy was defeated through the fault of the administrator, cannot be sustained, such creditor having no direct interest in the bond.

THIS was an action upon an administration bond, dated December 17, 1817, given by the defendant as one of the sureties for Edward Wright, administrator on the estate of Jonathan Wright, deceased, intestate.

In a case stated it was agreed, that the action was brought at the promotion and for the benefit of M. Pritchard, N. Barrett and A. Brooks, who were creditors of George Wright, a son and heir of the intestate. The intestate left two heirs, viz. the above named George and Edward. He died seised of real estate, all which he had mortgaged to Levi Frisbie to secure the payment of 1000 dollars and interest. His wife survived him and had her dower assigned to her.

---

In 1818 the administrator, having duly accounted for the personal estate, represented to the judge of probate that there was a deficiency of personal assets to pay the debts of the intestate ; a list of which, including the one to Frisbie, he filed in the probate office, amounting to 2515 dollars, to be provided for by the sale of real estate, and license was granted to him to sell so much as should raise the sum of 2545 dollars, to pay the debts and charges of sale. In the same year he sold under the license so much as raised the sum of 2550 dollars, being all except the part assigned to the widow for her dower. The purchaser was an agent employed by the administrator to bid for him at the sale. In 1821 the administrator rendered his last account, in which he charged himself with the proceeds of the sale, and charged the estate with the sum of 1060 dollars as paid by him to Frisbie for principal and interest of the mortgage. He made oath to his account, and it was allowed by the judge, including the charge of 1060 dollars, although the administrator knew that no part of that sum had been paid. On the settlement of the account a balance of 19 dollars was found due from the estate to the administrator.

Immediately after the death of the intestate, Pritchard, Barrett and Brooks respectively commenced suits against George Wright, and attached all his right in his father's estate, and in 1820 obtained judgments, and within thirty days thereafter levied their executions on an undivided moiety of the land assigned to the widow, she being then alive, which executions were duly returned and recorded. In the levies no notice was taken of the mortgage.

In 1823 the representative of Frisbie took possession of the mortgaged estate for condition broken, and that possession has been continued more than three years.

The administrator administered the estate faithfully, except as above stated. In 1824 he died insolvent, and in 1826 the widow died.

If on these facts the judge of probate ought to have given leave to Pritchard, Barrett and Brooks, to bring this suit, it was to be considered as having been duly obtained ; and if the action could be maintained, the defendant was to be de-

Fay,
Judge &c.
*v.*
Hunt.

*Oct. 19th.*

faulted and heard in chancery ; but otherwise the plaintiff was to become nonsuit.

*Keyes*, for the plaintiff.  A party deriving his title to real estate under a levy of an execution, as Pritchard and others in the present case, is to be considered as an assignee of the debtor ; *Procter* v. *Newhall*, 17 Mass. R. 91 ; and the question before the Court then is, whether the assignee of an heir can maintain an action in the name of the judge of probate upon an administration bond.  This depends upon *St.* 1786, *c.* 55, which provides that an administration bond shall be for the use and benefit of the heirs or creditors.  This provision should be construed liberally, so that any one claiming under an heir or creditor, and who is injured by the conduct of the administrator, may have a remedy on the bond.  *Selectmen of Boston* v. *Boylston*, 4 Mass. R. 324 ; *Paine* v. *Gill*, 13 Mass. R. 368 ; *Prescott* v. *Pitts*, 9 Mass. R. 376 ; *Potter* v. *Mayo*, 2 Greenl. 239.  Here the administrator, under the license to sell, raised money enough to discharge the mortgage, and if he had paid the debt, as he was bound to do and as he stated in his account he had done, the title of Pritchard and others would have been safe.

It will be objected that George W. had no estate in the land, which could be levied upon ; but we answer, that land under mortgage may be taken in execution by appraisement, if no deduction is made for the incumbrance ; *White* v. *Bond*, 16 Mass. R. 400 ; and although in England the heir is not seised, during the life of the widow, of the reversion of land assigned to her in dower, and cannot convey it, the law in this commonwealth is different, and here such a reversion may be conveyed or taken in execution as the estate of the heir. *St.* 1783, *c.* 57, § 4 ; *Williams* v. *Amory*, 14 Mass. R. 20 ; *Whitney* v. *Whitney*, ibid. 88 ; *St.* 1817, *c.* 190, § 31. [See also *Hunt* v. *Hapgood*, 4 Mass. R. 120 ; *Sumner* v. *Parker*, 7 Mass. R. 82 ; *St.* 1812, *c.* 93, § 2.]

*Buttrick, contrà.*  The first thing to be considered is, whether these creditors of George W. acquired any estate by their levies ; for if they did not, they have no right to question the doings of the administrator.  *Knox* v. *Jenks*, 7 Mass. R. 488.  By levying on mortgaged land as if it were

unincumbered, the judgment creditor gains only an inchoate title; merely a right to redeem; and until he pays off the mortgage, the legal title remains in the mortgagee. *White* v. *Bond*, 16 Mass. R. 402; *Green* v. *Kemp*, 13 Mass. R. 519. Here the creditors have suffered the mortgagee to foreclose, so that they have no longer any interest in the land.

Further, by the assignment of dower the widow became seised of a freehold estate, without livery; she was in of her husband's estate, and her seisin defeated, or rather prevented, that of the heir. Her title relates back to her husband's death and does away all mesne seisins; 1 Cruise's Dig. 166; 4 Dane's Abr. 664, 670; Co. Lit. 31, 32; and the heir cannot during her life convey the reversion, nor can it be taken on execution for his debt. [*Parker* C. J. Admitting the principle of the common law to be so, the question is whether it has not been done away by statute, the legislature having made the reversion a subject of distribution; which implies a legislative admission that it is a vested reversion.]

But suppose these creditors acquired all George Wright's interest in the land, still they cannot maintain the action, for an administration bond cannot be assigned in fact or by the operation of law, and they have no privity of estate or contract with the bond; and it is apprehended, that none but those who are directly interested in the estate of the deceased owner, either by his act, as creditors and legatees, or by operation of the law of descent and distributions, as heirs and next of kin, and the representatives of such creditors &c., can sue or acquire a right in the probate bond. *Scholey* v. *Mearns*, 7 East, 153; *Flarty* v. *Odlum*, 3 T. R. 681; *Bally* v. *Wells*, 3 Wils. 29; *Penniman* v. *French*, 2 Mass. R. 140; *Thomas* v. *Leach*, ibid. 152; *Downing* v. *Porter*, 9 Mass. R. 386; *Strange* v. *Lee*, 3 East, 484.

*Hoar*, on the same side, referred on this last point to *Greerside* v. *Benson*, 3 Atk. 248; Mitf. Pl. 141, 144, cites 1 Ves. sen. 56.

The opinion of the Court was drawn up by

PARKER C. J. We think it very clear that the persons, at whose promotion the bond was put in suit, have no such

Fay,
Judge &c.
v.
Hunt.

interest in the bond or in the estate of the intestate, as will entitle them to an execution for any part of the penalty How do they stand ? Not as creditors of the intestate, nor in any way connected with the estate as his. They were creditors of his son, and levied their execution upon land supposed to belong to him, and which but for the mortgage did belong to him. But they lost their title by means of the foreclosure of the mortgage. Their debt still subsists, and they may have remedy against other property or the person of George their debtor. But what right have they to come upon the administrator of this estate or his sureties ? It is said they are assignees of George Wright, of the estate which descended to him incumbered with the mortgage. This is true, if he was seised of the reversion after the widow's dower, and by virtue of such assignment, which was in fact of nothing but an equity of redemption, they had the right to redeem, and perhaps could have compelled the administrator, on a bill for that purpose, to have redeemed. But they acquired no right in any fund which might be raised by the judge of probate by a judgment for the penalty of the bond, because they had no connexion with the estate of the intestate.

The cases cited by the plaintiff's counsel do not support the ground he has taken. In *Paine, Judge &c.* v. *Gill*, 13 Mass. R. 368, Brigden, who was a devisee, sued out a *scire facias* to recover the value of the land which had been specifically devised to him, but which had been taken on execution by a creditor of the testator. The executor had given bond to pay debts and legacies. Brigden therefore was directly interested in the bond. So in *Selectmen of Boston* v. *Boylston*, 4 Mass. R. 324, the inhabitants of Boston, or the selectmen for their use, were legatees by the will. In the first case it was determined, that those who have a direct interest in the bond may have a suit upon it, though not heirs, creditors or legatees ; but no case has admitted those who may have an indirect interest only to have the right.

But upon the statement of facts agreed in this case, we cannot see any meritorious ground of action upon the bond, even if the promovents of this suit were entitled to prosecute it. There may be a technical breach of condition on ac-

count of the representation to the judge by the administrator, that he had paid the debt of 1000 dollars for which the estate had been mortgaged. This charge was evidently made by mistake ; indeed the course taken by the administrator in the execution of his license to sell was erroneous. The legal title to the land was in the mortgagee. There was then only an equity of redemption, to be sold ; and going upon the presumption that the sale was fair, and that the price obtained was equal to the value of the land unincumbered, a presumption we are authorized to make, as it is agreed that in all things, except in the settlement of his accounts, the administrator conducted fairly, the result to the estate is the same as if the equity had been sold and the mortgage left outstanding. The proceeds would have been the amount of the price given at the sale, deducting the amount of the mortgage and interest ; and then if the purchaser had not redeemed, the consequence would have been the same as has now taken place. So if he had actually paid off the mortgage, the estate was gone from the heirs, and the proceeds distributed among the creditors. Nothing would have been left for the heirs or the creditors of the heirs. In point of equity therefore no wrong has been done to the estate, and there is nothing for the heirs or their creditors to complain of. The administrator was the sufferer, for he lost, by reason of inability to discharge the mortgage, all the money which he has accounted for with the judge of probate. If therefore the suit were maintained on account of the erroneous settlement in the probate office, on a hearing in chancery the damages would be merely nominal. In this view of the subject it would have been discretionary with the judge of probate to allow or refuse a suit upon the bond, upon the application of any one not standing in the light of heir or creditor to the estate, and it would, under these circumstances, have been a due exercise of his discretion to deny such application.[1]

If however it should be supposed by the heirs, or those claiming under them, that the administrator had obtained an advantage by having become the purchaser of the estate,

[1] See Revised Stat. c 70. § 3, 6.

a remedy would be open by a bill in equity, for he would be considered as holding in trust for all who are interested in the estate, [2] and perhaps in this way might be made chargeable for negligence in not redeeming the mortgage, if it can be made to appear that thereby any loss has accrued to them. But for the reasons before given, this action cannot be maintained, and therefore the plaintiff must be nonsuited.

---

[2] See *Jenison* v. *Hapgood,* 7 Pick. 1.