Parker C. J.
drew up the opinion of the Court. We think the proceedings of the judge of probate in this case were incorrect, and that his decree allowing the second account of administration must be reversed. It was heretofore deter mined, that the administrator was obliged to answer under oath touching any matters relating to his account and tending to charge him with any estate or effects which he may have omitted either by mistake or design. Without this power he may defraud the heirs or creditors without any opportunity to detect, him. As in the present case ; there was an obligation from him to his father, found uncancelled among the papers of the deceased, which came to his hands as administrator. He might have burnt or otherwise have destroyed it, and there might be no proof that it was ever in existence. Merely swearing to his account gives little security, without the authority in the judge of probate, at the instance of those interested in the estate, to examine him critically under the sanction of his oath. It was objected on a former hearing, that it is con trary to justice and to the principles of the constitution, to sub ject a party to such an inquisitorial power, and by means of it to make him furnish evidence against himself. But the same objection will lie to the trustee process and to bills in equity, which require answers under oath. It should be recollected that an administrator is a trustee, accepting the trust voluntarily, and so having no right to complain of the liabilities incident to the trust. Such has been the practice in the Probate Courts, and it has been sanctioned by this Court in the case of Selectmen of Boston v. Boylston, 4 Mass. R. 318, and Stearns v. *505 Stearns, 1 Pick. 157.[1] But it certainly does not follow, that because he may be so examined, he will have a right to discharge himself by his own statement and declaration, unaccompanied by any evidence.
The rule is, that any answer that is within the proper scope and limits of the question put to him, shall be available in his favor ; as in confessions in suits at common law, the whole shall be taken together, not as conclusive, but as evidence for the consideration of the jury. But because he is put upon interrogatories, to allow him the general liberty of avoiding the effect of his admissions by going into independent matter, without any proof to support it, would be often to render this mode of inquiry wholly ineffectual for the purposes for which it was instituted. We think the judge ought to have rejected the irrelevant matter if not supported by proof, and that the appellants ought to have been allowed to contradict his statement by evidence ; and because this was refused, the decree is reversed and the case remitted to the judge of probate for further proceedings.

 See Revised Stat. c. 67, § 7