[No. 8,074.—In Bank.]
July 27, 1882.

## LOUIS MESMER ET AL. v. WILLIAM W. JENKINS, ADMINISTRATOR, ET AL.

61  151
85  548

61  151
99  277

61  151
106  110

61  151
105  608

61  151
114  536

61  151
144  486

CREDITOR'S ACTION TO SET ASIDE FRAUDULENT CONVEYANCE—ACTION AGAINST ADMINISTRATOR.—The creditors of the insolvent estate of a deceased person can not maintain an action against the administrator and others to compel him and them to transfer to the estate real property to which he has for himself and them obtained the legal title in such a way as to raise a constructive trust in favor of the estate.

ID.—ID.—JOINDER OF PARTIES—CAPACITY TO SUE.—The defendant, who was an administrator, was made defendant in the same action in his representative capacity upon a rejected claim against the estate, and personally with others, to compel him and them to transfer to the estate property to which they had procured the legal title through fraud.

*Held:* Two causes of action are improperly united in the complaint; as to one of which, there is a misjoinder of parties defendant, and as to the other, a failure to state facts sufficient to constitute a cause of action, coupled with an incapacity to sue.

APPEAL from a judgment for the defendant in the Superior Court of the County of Los Angeles.   SEPULVEDA, J.

*H. K. S. O'Melveny*, for Appellants.

*Bicknell & White* and *M. L. Wicks*, for Respondents.

SHARPSTEIN, J.:

The first question which the record suggests is: Can the creditors of the insolvent estate of a deceased person maintain an action against the administrator of such estate, and others, pending administration, to compel him and them to transfer to the estate, real property to which he has, for himself, and them, obtained the legal title, in such a way as to raise a constructive trust in favor of the estate?   In other words, have the plaintiffs in this case the legal capacity to sue?

If the decedent in his life-time had conveyed any part of his real estate, with intent to defraud his creditors, the administrator, on application of creditors, and their paying or securing to be paid such part of the costs of suit, as the Court or Judge might direct, would have been bound to bring an action for the recovery of the property so conveyed.   (C. C. P., §§ 1,589, 1,590.)

In *Holland* v. *Cruft* (20 Pick. 321), it was held that the administratrix was the proper party to bring the action in such a case; and in *Caswell* v. *Caswell* (28 Me. 232), that a creditor of the insolvent estate could not maintain an action to recover property conveyed by the intestate to defraud his creditors, although such an action might be maintained by the administrator of the estate.

The case before us differs from that provided for in the Code, in this: Here the administrator is charged with having procured to be conveyed to himself and his co-defendants, for their own private use and benefit, a piece of real property, which ought to have been conveyed to the estate of his intestate, while the Code provides for cases where the decedent, in his life-time, conveyed with intent to defraud his creditors.

If an administrator, in his representative, cannot sue himself in his private capacity, it is quite clear that the defendant Jenkins could not maintain this action on behalf of the cred-

itors of the insolvent estate, of which he is administrator. But does it necessarily result from this that the creditors of the estate can maintain this action? If they can, it must be upon the same ground that a judgment creditor may invoke the aid of a Court of Equity to discover and apply the property of the debtor to satisfy his judgment; and before he can successfully do that he must show that all legal means for obtaining satisfaction have been exhausted. The plaintiff must do all which the law will enable him to do to obtain the object of his pursuit, and until he has exhausted his legal remedies, he is not entitled to the aid of a Court of Equity. (*Caswell* v. *Caswell*, 28 Me. 232; *Fletcher* v. *Holmes*, 40 id. 364; *Holland* v. *Cruft*, 20 Pick. 321.)

. It appears upon the face of the complaint, in this case, that the claim of the plaintiffs has not been allowed by the administrator, and it is not alleged that a judgment has been recovered upon it. Perhaps an allowance of the claim by the administrator might be treated as the equivalent of a judgment upon it, for the purpose of enabling the creditors to maintain a creditors' bill, if there was no other obstacle in the way of their maintaining it. But here there is neither an allowance nor a judgment. And the complaint presents this anomaly: The administrator is sued in the same action as the representative of the estate upon a claim against it, and personally with others to compel him and them to transfer to the estate property to which they have procured the legal title through fraud. Not only are two causes of action united in the complaint, but the defendant Jenkins is sued both in a representative and personal capacity. Before any personal judgment could be rendered against him and his co-defendants, it would be necessary to render one against him as administrator, upon the claim against the estate of his intestate. In an action upon the claim against the estate the defendants other than the administrator would be neither necessary nor proper parties. But it is not alone by omitting to obtain a judgment upon their claim, or at least procuring an allowance of it, that the plaintiffs have failed to do all that the law enabled them to do, before commencing this action. If the allegations of the complaint are true, the administrator, by procuring a conveyance of the property to which the estate was entitled to

parties other than the estate, committed a fraud for which in a proper proceeding it would be the duty of the Court which appointed him to remove him. (C. C. P., §§ 1436, 1440.)

Further than that, it was the duty of the administrator to state in his inventory the interest of the estate in that property, and to have that interest appraised, and if he refused to do so, it was the duty of the Court to remove him. (Id. §§ 1450, 1451).

Accepting, therefore, as we must, the allegations of the complaint as true, there were two grounds upon which any person interested in the estate as creditor or heir might have had this administrator removed and another appointed in his place, whose right to maintain an action to recover the property which it is sought to reach in this action, could not be questioned.

Besides, it has been held that under a statute very similar if not precisely like Sections 1458 to 1461, C. C. P., the power of a Judge of Probate in respect of matters of this kind, is analogous, in its extent and object, to the power exercised by Courts of Chancery upon bills of discovery. (*Selectmen of Boston* v. *Boylston*, 4 Mass. 318; *Fletcher* y. *Holmes*, 40 Me. 364.)

The complaint may, and probably does, state facts sufficient to constitute a cause of action against the defendant Jenkins, upon the rejected claim against the estate of which he is administrator, but it does not state facts sufficient to constitute a cause of action against him and the other defendants who are joined with him. And while the plaintiffs doubtless have the legal capacity to sue the defendant Jenkins in his representative capacity upon said claim, they cannot sue him and the other defendants jointly upon it, nor him separately or jointly with them for the purpose of reaching property which he and they constructively hold in trust for said estate.

If this be so, it follows that there is a misjoinder of parties defendant in the one case, and a failure to state facts sufficient to constitute a cause of action, coupled with an incapacity to sue, in the other. Therefore the demurrer was properly sustained.

Judgment affirmed.

MORRISON, C. J., and McKEE and McKINSTRY, JJ. concurred.