# GENA LANCASTER
## v.
## IDA M. LANCASTER.

*Divorce—Support of Child—Failure to pay Installments—Action of Debt—Pleading—Improper Defense.*

1. Where the diversion of installments for the support of a child, payable under a decree of divorce, can alone excuse further payment, the refusal of the mother to permit the father to see the child is no defense to an action of debt to recover unpaid installments.

2. *Non-assumpsit* is an improper plea in an action of debt.

[Opinion filed January 10, 1888.]

APPEAL from the City Court of Alton; the Hon. JAMES E. DUNNEGAN, Judge, presiding.

Messrs. J. J. BRENHOLT, W. H. BENNETT and W. C. MARSHALL, for appellants.

The third instruction is simply to the effect that plaintiff could not recover if she had prevented defendant from seeing his child. The instruction given was, that she could not recover unless she had complied with the decree, and this instruction only applies the general principle involved in the first instruction to the particular violation of the terms of the decree, especially pleaded in this case, and which was the sole defense. It can not be said that the giving of that instruction covered the point involved in the third instruction refused. If the third instruction had been given, and that given had been refused, there could have been no error complained of; but the converse is not true. We had the right to have the court instruct the jury specifically, one way or the other, on the issues joined, and an instruction which deals only in general principles of law, without applying those general principles to the particular facts in issue, is not sufficient. May v. Tallman, 20 Ill. 443; Roth v. Smith, 54 Ill. 431; G. & C. U.

R. R. Co. v. Jacobs, 20 Ill. 478; Co. Court of Calhoun Co. v. Buck, 27 Ill. 440; Cummings v. McKinney, 4 Scam. 58.

Mr. M. MILLARD, for appellee.

The pleas really did not present a material issue, and there was nothing to try. The plea of *non-assumpsit* has no place in our action of debt, and the special plea alleged nothing that can be regarded as a defense. The reliance seemed to be on the fact that the defendant was denied the right to see his child by its grandmother. But the decree required the defendant to pay the money for the sole benefit of the child, and the plaintiff had nothing to do with it except to co'lect it and expend it for the child's support. It was made payable to her, it is true, but it was expressly decreed that the money should not be diverted from the child's maintenance, and was entirely for its benefit.

The decree was a judgment that the defendant pay the money, and there was only one condition that could relieve him from the obligation, viz.: in case the allowance was diverted the payment should cease. The right to recover the money, therefore, was not made to depend upon the condition that he should see the child, but upon the condition that the allowance should not be diverted from its support. And as the decree made this the only condition, and it was entered by agreement of the parties, it is now out of the power of the defendant to place his refusal to pay the money on some other ground. Besides, how can the child lose the benefit of this provision in the decree by reason of anything its mother or grandmother may do?

GREEN, P. J. This was an action in debt brought by appellee to recover from appellant monthly installments which, by a decree in divorce proceedings between said parties, were ordered to be paid by appellant to appellee for the support of their infant child, the care and custody of which was decreed to appellee. The pleas interposed and relied on as a defense were *non-assumpsit*, and a special plea setting up the terms of the decree, and averring that about February 1, 1885, plaintiff

refused to allow him to see his child, at her house, as provided by said decree, and has ever since persisted in such refusal, and has thereby violated the terms of the decree, and her right to demand said money has wholly failed and lapsed.

Neither of these pleas presented a material triable issue. *Non-assumpsit* is not a proper plea in an action of debt. Harlow v. Boswell, 15 Ill. 56.

And nothing in the special plea averred amounted to a legal defense.

The only condition in the decree relieving the defendant from the payment of these monthly installments was, that if the said installment, or any part thereof, should thereafter at any time be diverted from the maintenance of said child, the said allowance should cease. It was proven and not disputed, that defendant had refused to pay, or provide means for the payment of the monthly installments to plaintiff, for a period of thirty-three months, which, at $30 per month, the sum fixed by the decree, amounted to $990. The decree was also read in evidence, which, with the other proof, established appellee's legal right to demand and recover of appellant said sum last above mentioned; and as we view the case, this legal right was not defeated by any sufficient defense, set up by plea or established by proof. Entertaining this view, we deem it unnecessary to comment upon the rulings of the trial court in admitting the evidence objected to by appellant, and refusing to give the instructions requested on his behalf. The jury returned a verdict for $990, in favor of plaintiff, and we think the verdict was warranted by the proof, and the court did not err in entering judgment for plaintiff thereon, or in striking the plea in abatement from the files; it was not filed in apt time. Mills v. Bland's Ex., 76 Ill. 381.

The judgment is affirmed.

*Judgment affirmed.*