IDA C. FEHRINGER and FRED P. WILSON, THE
NELDEN-JUDSON DRUG COMPANY, Intervener,
Appellants, v. THE COMMERCIAL NATIONAL
BANK OF OGDEN, a Corporation, and R. T. HUME,
Administrator of the Estate of Shirley P. Ash, Deceased,
Respondents.

DECEDENT ESTATES: ACTION TO SET ASIDE FRAUDULENT CONVEYANCES: BY
WHOM BROUGHT: SECS. 3922 AND 3923, R. S. 1898. Owing to the pro-
visions of sections 3922 and 3923, Revised Statutes 1898, creditors of
an insolvent estate may not bring an action in their own names to
set aside a conveyance made by the decedent in his lifetime, without
first having made the demand on the administrator, to bring such
suit, required by said sections, and having been met with a refusal
by him.

Decided April 16, 1901.

Appeal from the Second District Court, Weber County.—
*Hon. H. H. Rolapp,* Judge.

Action by plaintiffs as creditors of a deceased to have
a certain chattel mortgage set aside and declared void. Nelden-
Judson Drug Company intervened as additional creditors.
From a judgment of dismissal plaintiffs and intervener ap-
pealed.

AFFIRMED.

*T. D. Johnson, Esq.,* and *Messrs. Stephens & Smith,* for
appellant.

The court held that the plaintiffs and intervener were not the proper parties to bring this action, and in effect held that the administrator, Hume, was the only party who could bring the action, we suppose with the reservation, unless on request he should refuse to act.

Even if it were true that he was the proper party to bring suit, we have only to consider his position and interest to perceive that this case falls within the exception to the rule. Hume was an employee of the bank. His attorney, as administrator, Heywood, vice-president of the bank. He shows how he stands in this matter in his pleadings, affirming and copying the plea of the bank. At its suggestion, and without any reason therefor he attacks the good faith of the claims of plaintiffs, after he has approved and allowed them. It is apparent it would have been useless to ask him to attack the mortgage of his employer, and under all the facts, as shown by the record, it would have been a dangerous thing for our interest, and must have proven to be a farce in the end for him to have done so. Without in the least disparaging Mr. Hume, he could not be expected to attack this mortgage of his employer. Brickerhoff v. Bostwick, 88 N. Y. 52; Flynn v. Third Natl. Bank, Banking cases, May, 1900, vol. 2, part 4, page 214.

*Abbot R. Heywood, Esq., Hugh A. Tait, Esq.,* and *H. H. Henderson, Esq.,* for respondents.

Plaintiffs were not the proper parties to bring this action.

The administrator is the proper party to bring the action to set aside an alleged fraudulent conveyance by his decedent. R. S. Utah, sec. 3922; Holland v. Craft, 20 Pick. 321; Emmons v. Barton, 42 Pac. 303; National Bank v. Levi, 28 N. E. 592; s. c. 127 N. Y. 552; Caswell v. Caswell, 28 Maine 232.

BASKIN, J.—The plaintiffs, as creditors of the estate of Shirley P. Ash, deceased, instituted this suit against the administrator of said estate and the Commercial Bank of Ogden, defendants, to have declared void and set aside a chattel mortgage executed and delivered by the said Ash to said bank and which, the plaintiffs allege, in their complaint, was made in fraud of the said Ash's other creditors. One of the errors assigned is that the court erred in holding that the plaintiffs were not the proper parties to bring the suit. The ruling of the trial court was predicated upon the provisions of following sections of the Revised Statutes of Utah:

"3922.  *To Set Aside Fraudulent Conveyances by Decedent.*—When there is a deficiency of assets in the hands of an executor or administrator, and when the decedent, in his lifetime, has conveyed any real estate, or any rights or interest therein, with intent to defraud his creditors, or to avoid any right, debt, or duty of any person, or has so conveyed such estate that by law the deeds or conveyances are void as against creditors, the executor or administrator must commence and prosecute to final judgment any proper action for the recovery of the same, and may recover for the benefit of the creditors all such real estate so fraudulently conveyed, and may, also, for the benefit of the creditors, sue for and recover all goods, chattels, rights, or credits which have been so conveyed by the decedent in his lifetime, whatever may have been the manner of such fraudulent conveyance.

"3923.  No executor or administrator is bound to sue for such estate as mentioned in the preceding section for the benefit of the creditors unless on application of creditors, who must pay such part of the costs and expenses of the suit, or give such security to the executor or administrator therefor as the court or judge shall direct."

Counsel for the appellants contend that these sections do

not apply to this case. We are of the opinion that they do. They also contend that even if they do apply, and the administrator could have properly brought the action, his right to do so was concurrent with and not exclusive of plaintiffs right to bring the suit.

It is not claimed that the administrator was requested, or refused to bring the suit, or that the application provided in section 3923 was made to the court by any creditor.

Of the cases cited in support of the appellant's contention, the one nearest in point is the case of Hills v. Sherwood, 48 Cal. 394.

That case was decided before the provisions of the California code, which are the same as the sections of the Revised Statutes, before quoted, were passed.

In the case of Emmons v. Barton, 109 Cal. 662-667, the court said: "That case (Hills v. Sherwood), however, was decided under the law as it stood before the codes went into effect; and it probably goes further than would be warranted under our code of civil procedure, which is usually understood as presenting remedies which 'when applicable to the relief sought exclude or supplant all other modes of relief.' (Freeman on Executions, sec. 394; Herrlich v. Kaufmann, 99 Cal. 271.) Ordinarily an action to recover property fraudulently conveyed by a decedent in his lifetime should be brought by his executor or administrator, and such an action by a creditor would not lie—at least, unless he shows an exhaustion of all means to procure such an action to be brought by the proper person. But in the case at bar, the alleged fraudulent grantee is the executrix; she could not sue herself; this condition of things does not seem to be a statutory cause for her removal; and we see no other remedy than a suit in equity by the creditors themselves. It is a case where the code provision is not 'applicable to the relief sought.' The circumstances here are

analogous to those under which a creditor's bill will lie under our code. In general, proceedings supplementary to executions are regarded as a substitute for a creditor's bill in chancery, and the former must be followed instead of the latter. But there may be cases in which the statutory proceedings would not afford adequate remedy—'exceptional cases in which it appears that equity must be invoked because remedies are unavailing.' (Herrlich v. Kaufmann, supra.) In such case the code provisions may be departed from, for it is the province of equity to relieve where legal remedies fail. The case at bar comes within this rule, and a creditor, under the circumstances here disclosed, was entitled to bring this action—for the benefit of all the creditors. A demand upon the appellant to bring the suit would have been fruitless."

As the executrix was the fraudulent grantee and could not bring an action against herself, the provisions of the California code did not apply, and for that reason the creditors in the case just quoted were permitted to maintain the suit.

In the case of Mesner v. Jenkins, 61 Cal. 152, the court said: "If the decedent in his lifetime had conveyed any part of his real estate, with intent to defraud his creditors, the administrator, on application of creditors, and their paying or securing to be paid such part of the costs of suit, as the court or judge might direct, would have been bound to bring an action for the recovery of the property so conveyed." (C. C. P., secs. 1589, 1590.)

In Holland v. Cruft (20 Pick. 321) it was held that the administratrix was the proper party to bring the action in such a case; and in Caswell v. Caswell (28 Me. 232) that a creditor of the insolvent estate could not maintain an action to recover property conveyed by the intestate to defraud his creditors, although such an action might be maintained by the administrator of the estate.

The case before us differs from that provided for in the code, in this: Here the administrator is charged with having procured to be conveyed to himself and his co-defendants, for their own private use and benefit, a piece of real property, which ought to have been conveyed to the estate of his intestate, while the code provides for cases where the decedent in his lifetime conveyed with intent to defraud his creditors. If an administrator, in his representative capacity, can not sue himself in his private capacity, it is quite clear that the defendant Jenkins could not maintain this action on behalf of the creditors of the insolvent estate, of which he is the administrator."

In the case of Caswell v. Caswell, 28 Me. 232, the court said: "The power of the administrator under the statute, is ample, for the purpose of reducing all the means of the deceased debtor, to the condition, which will make them available for the object intended. The authority is not limited to the administration of the personal effects, and the real estate, of which the intestate died seized, but extends to that which was fraudulently conveyed by him, and of which he has been colorably disseized, with the intent to defraud creditors, giving him the power to make sale of the same, under a license from the court of probate. Rev. Stat. c. 112, sec. 31.

"If the administrator should faithfully perform all his duties according to the law, and his authority thereby conferred, the object intended would be fully attained. He has the power to accomplish substantially all which is sought by the present suit. The creditors are secured, as a part of his qualification, against negligence, and for the faithful discharge of his trust, by his oath, and his bond. If he should unreasonably refuse or neglect to administer the estate according to law, and his understanding, on proof of such delinquency, to the judge of probate, the latter would be bound to remove

him, and make an appointment of another, who might be a creditor; and if such should be appointed, he would be induced by his interest, as well as by his duty to do all, which would be for the benefit of those for whom he should act. The Legislature, thus having provided a mode by which insolvent estates may be settled, and all just claims against the same, paid to the full extent of the means, which can be applied for the purpose; and these provisions being intended to secure perfectly the whole object, and to afford all the relief, which can be demanded in any form and of any tribunal, creditors can not be allowed to assume that the mode so provided is unsatisfactory, and can therefore be disregarded, and resort be made to a court of equity, for relief, by proceedings not contemplated by the statute."

Notwithstanding the existence of a statute in Massachusetts making it the duty of the executor or administrator, when the personal estate of the deceased is insufficient to pay the debts, to proceed against and sell real estate fraudulently conveyed by the deceased (Public Stat., Mass., ch. 134, secs. 1 and 2) a creditor brought a bill in equity to reach and apply in payment certain real estate conveyed by the deceased in fraud of his creditors. The alleged fraudulent grantee was appointed administrator and was the defendant. Putney v. Fletcher, 148 Mass. 274. A demurrer to the bill was sustained on the ground that a creditor could not maintain a bill in equity, under chapter 151, section 3 of said statute, to reach and apply in payment of his debt, land fraudulently conveyed by a deceased person. Section 3 of said chapter is, as follows: "The court shall also have jurisdiction in equity to reach and apply in payment of a debt any property, right, title, or interest, real or personal, of a debtor, liable to be attached or taken on execution in a suit at law against him and fraudulently conveyed by him with intent to defeat, delay, or defraud

his creditors, or purchased or directly or indirectly paid for by him, the record or other title to which is retained in the vendor, or is conveyed to a third person with intent to defeat, delay, or defraud the creditors of the debtor."

The Supreme Court in sustaining the demurrer, and dismissing the bill said: "It is among the ordinary duties of an administrator to collect all the personal property of his intestate, and, if this is insufficient for the payment of his debts, to sell his real estate for that purpose, first obtaining a license of court; and the real estate so liable to be sold includes land which would have been liable to attachment on execution by a creditor of the deceased in his lifetime. Pub. Sts., c. 134, secs. 112, 4. And where the estate of the deceased has been represented insolvent, and it appears that a conveyance of land was made by him in his lifetime which there is reasonable ground to believe was fraudulent, the creditors have a right to insist that an administrator shall try the question; and if he refuses to do so after an offer of proper indemnity, he should be removed and another appointed in his place.   *   *   *   * The question in the present case is, whether under similar circumstances a new remedy has been given by the Pub. Sts. c. 151, sec. 3, so that a creditor can now maintain a bill in equity in his own name to reach and apply land so conveyed. We think not.   *   *   * It would lead to great complications if several creditors were allowed to pursue a remedy in equity to reach and apply property of the estate of a deceased person which had been fraudulently conveyed by him in his lifetime. The fact that the plaintiff was, according to his averment, the sole remaining creditor, does not change the course of procedure which he is entitled to follow." Holland v. Cruft, 20 Pick. 321; Prentis v. Bowden, 145 N. Y. 342; Harvy v. McDonnel, 113 N. Y. 526; Bank v. Levy et al., 127 N. Y. 549.

The plaintiffs, if they had taken the steps required by section 3923 of the Revised Statutes, would, in case the administrator, upon request, refused to bring the suit, have had the right to have the administrator removed and another appointed in his place, or they could have then rightfully instituted said action in their behalf and that of the other creditors. As, however, the steps required by said section, were not taken, they had no right to bring or maintain said action.

It is therefore ordered that the judgment of the lower court be affirmed at the costs of the appellants. *Miner, C. J.,* and *Bartch, J.,* concur.