Points Decided.

(October 1, 1920.)

ANNA STACIA SIMONTON, Appellant, v. SARAH E.
SIMONTON, Administratrix of the Estate of ROLVIN
D. SIMONTON, Deceased, Respondent.

[193 Pac. 386.]

PLEADING—DEMURRER—CAUSES OF ACTION—JOINDER—PROBATE PRO-
CEEDINGS—ADVERSE CLAIM—JURISDICTION OF—CREDITOR—ACTION
BY WHEN PROPER — ALIMONY — JUDGMENT FOR — WHEN FINAL —
INSTALMENTS—ACCRUED—FUTURE—ACTION UPON—AUTHORITY TO
MODIFY—EFFECT OF—STATUTE OF LIMITATIONS.

1.   The probate court while exercising its jurisdiction as a
court of probate does not have power to settle disputes involving
adverse claims to property alleged to belong to the estate of a
deceased person.

2.   Under the code system, a simple contract creditor may sue
to recover a judgment for the indebtedness and in the same action
avail himself of the equitable power of the court to pursue prop-
erty which could not be reached in an action at law.

3.   When an executor or an administrator sets up an adverse
claim to property alleged by a creditor to belong to the estate,
such creditor, even though his claim has been rejected by the
administrator or executor, may sue him to determine the title
thereto, in an action to recover his debt.

4.   Courts of equity have inherent jurisdiction to award ali-
mony for the support of the wife and minor children independent
of any action for divorce or of any statutory provision.

5.   In this state a suit for separate maintenance may be main-
tained by a wife, based on C. S., sec. 4654.

6.   An order included in a final judgment directing a husband
to pay a specified sum per month for the support and maintenance
of his wife and minor children is a final judgment as to any
instalments actually accrued, notwithstanding the judgment is sub-
ject to subsequent modification.

7.   Instalments actually accrued under such a judgment consti-
tute a debt which will support an action at law notwithstanding
the fact that the court rendering the judgment would have juris-
diction to enforce it by contempt proceedings and to modify it as

4.   Power of court to decree alimony independently of divorce pro-
ceedings, see notes in Ann. Cas. 1913D, 1132; Ann. Cas. 1914B, 932.

to future payments, provided no modification of the decree has been actually made prior to the maturity of such instalments.

8. Where the husband dies without seeking a modification of the decree, it may be enforced against his estate, even though the law would have permitted its modification during his lifetime.

9. The absence of a debtor from the state tolls the statute of limitations for the period of such absence by virtue of the provisions of C. S., sec. 6622, that "the time of his absence is not a part of the time limited for the commencement of the action."

10. Where a judgment is made payable in instalments, the statute of limitations applies to each instalment separately, and does not begin to run on any instalment until it is due.

APPEAL from the District Court of the Tenth Judicial District, for Nez Perce County. Hon. Wallace N. Scales, Judge. .

Action to compel administratrix to account for and inventory certain property and to recover judgment against the estate on a rejected claim. Judgment for defendant. *Reversed and remanded.*

Ben F. Tweedy, for Appellant.

Any party, interested in an estate, including a creditor, can maintain an action against the representative of the estate, who adversely claims property belonging to the estate, to recover such property to the use of the estate. (*Hillman v. Young,* 64 Or. 73, 127 Pac. 793, 129 Pac. 124; *Hadley v. Hadley,* 73 Or. 179, 144 Pac. 80; *Morse v. Slason,* 13 Vt. 296; *McFarlan v. McFarlan,* 155 Mich. 652, 119 N. W. 1108; *First Nat. Bank of Globe v. McDonough,* 19 Ariz. 223, 168 Pac. 635.)

The wife does not have to get a divorce to be entitled to support and maintenance from her husband, but can have such judgment independent of a judgment for divorce. (*Platner v. Platner,* 66 Iowa, 378, 23 N. W. 764; *Farber v. Farber,* 64 Iowa, 362, 20 N. W. 472; *Galland v. Galland,* 38 Cal. 265; *Finn v. Finn,* 62 Iowa, 482, 17 N. W. 739; *Fahey v. Fahey,* 43 Colo. 354, 127 Am. St. 118, 96 Pac. 251, 18 L. R. A., N. S., 1147; *In re Popejoy,* 26 Colo. 32, 77 Am.

St. 222, 55 Pac. 1083; *Hanscom v. Hanscom,* 6 Colo. App. 97, 39 Pac. 885; *Kimble v. Kimble,* 17 Wash. 75, 49 Pac. 216; *Dye v. Dye,* 9 Colo. App. 320, 48 Pac. 313; *Thurston v. Thurston,* 58 Minn. 279, 59 N. W. 1017; *Edgerton v. Edgerton,* 12 Mont. 122, 33 Am. St. 557, 29 Pac. 966, 16 L. R. A. 94; *Earle v. Earle,* 27 Neb. 277, 20 Am. St. 667, 43 N. W. 118; *Bueter v. Bueter,* 1 S. D. 94, 45 N. W. 208, 8 L. R. A. 562; *Loeper v. Loeper,* 81 Wash. 454, 142 Pac. 1138.)

The judgment became final as to each instalment as soon as the instalment became due and thereupon the court, which rendered the judgment, could not tamper with it at all. (*Soule v. Soule,* 4 Cal. App. 97, 87 Pac. 205; *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390; *Sistare v. Sistare,* 218 U. S. 1, 20 Ann. Cas. 1061, 30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A., N. S., 1068, see, also, Rose's U. S. notes.)

James E. Babb, for Respondent.

The first cause of action states no cause of action, because the sole original jurisdiction in probate matters is vested in the probate court, where the complaint shows this matter is pending, and the district court can only obtain jurisdiction on appeal therefrom.

The question brought to the district court on this original proceeding is now pending in the probate court, and can be disposed of there on an account ordered and objection thereto for failure to credit the estate with the $1,500. (1 Church, Probate Law, p. 530, par. 4; *Estate of Cornelius Donahue,* 3 Coff. Cal. Prob. Dec. 301; 2 Woerner on Am. Law of Administration, p. 652, sec. 311, and vol. 1, Id., p. 349.)

If the first count is against Sarah E. Simonton individually, and if she is a defendant, as she must be, to sustain the first count, then the administratrix, the sole necessary party defendant in the second count, is not a party, and no cause is stated in the second count against Sarah E. Simonton individually. (*Stockton Bldg. etc. Assn. v. Chalmers,* 75 Cal. 332, 7 Am. St. 173, 17 Pac. 229.)

The judgment exceeding statutory authority is void on its face. (*Ex parte Cox,* 3 Ida. 530, 95 Am. St. 29, 32 Pac. 197; *Waterman v. Lawrence,* 19 Cal. 210, 79 Am. Dec. 212; *Remington v. Superior Court,* 69 Cal. 633, 11 Pac. 252.)

The order for payment for support of plaintiff and minor children, though written into the judgment dismissing the action, was only an interlocutory order and not a final judgment—expressly so declared in the order itself by the direction that the payment be made only "until further order of this court."

An interlocutory order can only be enforced by orders in the action of the court making it, by striking out pleadings, contempt, etc., and will not sustain an action for money. (2 Black on Judgments, sec. 959; 23 Cyc. 1503, note 40; 14 Cyc. 797, note 25; *Geisler v. Geisler,* 124 Ky. 292, 98 S. W. 1023, where money was ordered paid "until final order"; *Parsons v. Parsons,* 26 Ky. Law Rep. 256, 80 S. W. 1187; *Gerrein's Admr. v. Michie,* 122 Ky. 250, 91 S. W. 252; *Franck v. Franck,* 107 Ky. 362, 54 S, W. 192.)

BUDGE, J.—The second amended complaint upon which this action is based purports to contain two causes of action, one to compel the respondent as the administratrix of the estate of Rolvin D. Simonton, deceased, to account for and inventory certain property alleged to belong to the estate and not included in the inventory, and which she claims as her own, and to determine the title thereto. The second cause of action is to recover judgment on a claim which had been presented to the administratrix and disallowed, the claim being based upon a decree of the district court of Kootenai county and awarding $15 a month to appellant for the support of herself and her minor children. A demurrer was interposed to this complaint upon numerous grounds, and was sustained by the district court upon the ground that the two causes of action were improperly joined. The trial court ordered appellant to elect between the causes of action, and upon her refusal to do so and her election to stand upon the second amended complaint, the court entered

a judgment dismissing the action. This appeal is from the judgment.

The errors assigned attack the rulings of the court in sustaining the demurrer on the ground of misjoinder, in requiring the appellant to elect, and in dismissing the action.

Respondent contends that the causes of action were improperly joined, for the reason that the probate court has exclusive original jurisdiction in all matters of probate and settlement of estates of deceased persons, and that, therefore, as to this cause of action the district court was without jurisdiction.

There is no merit in this contention because the probate court, while exercising its jurisdiction as a court of probate, does not · have jurisdiction to settle a dispute involving an adverse claim to property alleged to belong to the estate. Upon this point the supreme court of California has said:

"The issues raised by the objections of the legatee to the account, and the answer of the executor to such objection, directly involved the question as to where the legal title to this personal property rested, and that was an issue the probate court had no power to hear and determine. There are many matters relating to the estates of deceased persons of which the probate court has no jurisdiction, and the determination of the question of title to property is essentially one of them. When it became apparent from the pleadings that matters of title to property were at issue, such matters should have been left to other courts for determination; care being exercised that all parties interested should be fairly and fully represented at the trial. . . . ." (*In re Haas' Estate,* 97 Cal. 232, 31 Pac. 893, 32 Pac. 327; *Hartwig v. Flynn,* 79 Kan. 595, 100 Pac. 642; *Hillman v. Young,* 64 Or. 73, 127 Pac. 793, 129 Pac. 124; *Gille v. Emmons,* 91 Kan. 462, 138 Pac. 608; *Morse v. Slason,* 13 Vt. 296; *Miller v. Mitcham,* 21 Ida. 741, 745, 123 Pac. 941.)

It is next contended by respondent that the causes of action are improperly joined, for the reason that the first cause of action is against respondent as an individual and the second against her as administratrix representing the

estate. This position is not well taken. In reality the complaint states but one cause of action. The action, although arising out of a probate proceeding, is in principle essentially a creditor's bill in which appellant is seeking to establish the fact that she is a creditor of the estate and at the same time to reach funds which she claims should be subjected to the payment of the debt. In such a proceeding it is proper that respondent be made defendant, both as an individual and as administratrix of the estate of a deceased person.

Numerically the weight of authority is that a court of equity will not entertain a creditor's bill until after the creditor has reduced his claim to judgment in a court of law. (15 C. J. 1388, sec. 16; 8 R. C. L. 20, sec. 24; extended note to *Ziska v. Ziska,* 20 Okl. 634, 95 Pac. 254, 23 L. R. A., N. S., 1.) The rule originally, and still in many jurisdictions, required the creditor to exhaust every legal remedy before he would be permitted to resort to the interposition of equity for relief. The reason for the rule which required the creditor to reduce his claim to judgment before pursuing property which had passed out of the debtor's hands, or, in other words, which denied him the right to proceed in equity until he should have reduced his claim to judgment in a court of law, was that the debtor was entitled to have the legal action tried before a jury. It is apparent that under the code practice this reason fails, for the distinction between actions at law and suits in equity is abolished and the same court administers both legal and equitable relief in a civil action, and if in the same action it is necessary to determine both equitable issues and law issues of fact, the court will determine the equitable issues of fact and, unless the same is waived, will impanel a jury to try out the legal issues of fact. It must be conceded, however, that the authorities are not at all harmonious, some courts still even under the code maintaining the old distinction. Other courts, however, have boldly departed from the old rule, and under the code system permit a simple contract creditor to recover a judgment for the indebtedness and in the same action avail himself of

the equitable power of the court to pursue property which could not be reached in an action at law. (*Shirley v. Waco etc. Co.,* 78 Tex. 131, 10 S. W. 543; *Miller v. Hughes,* 33 S. C. 530, 12 S. E. 419; *Dawson Bank v. Harris,* 84 N. C. 206; *Vail v. Hammond,* 60 Conn. 374, 25 Am. St. 330, 22 Atl. 954; *First Nat. Bank of Globe v. McDonough,* 19 Ariz. 223,. 168 Pac. 635; *Morse v. Slason, supra;* note, 23 L. R. A., N. S., 84; 8 R. C. L. .25, sec. 29; 15 C. J. 1388, sec. 14; *Fidelity Savings & Loan Assn. v. Reese,* 41 S. D. 546, 171 N. W. 812.)

We are of the opinion that the latter is the more just and enlightened view, and represents the trend of modern authority. It is in keeping with the spirit of the code, prevents circuity of action, avoids a multiplicity of suits, saves needless delay and expense, and promotes a more speedy and efficient administration of justice.

Another question which to our minds has given rise to needless confusion in cases like the one at bar is whether the creditor is the proper party or has the legal capacity to bring the action. The supreme court of California originally held under statutes identical with ours that the creditor could not maintain the action, but that it must be brought by the administrator, and that if he set up an adverse claim to property alleged by the creditor to belong to the estate and refused to inventory it, the probate court should discharge him and appoint a new administrator whose duty it would be to bring the action. (*Mesmer v. Jenkins,* 61 Cal. 151.) The rule, however, was later modified by holding that ordinarily the action should be brought by the executor or administrator and would not lie by a creditor, but that where the fraudulent grantee is the executor or administrator, he could not sue himself, and the creditor was entitled to bring the action. (*Emmons v. Barton,* 109 Cal. 662, 42 Pac. 303.) The supreme court of Utah, in *Fehringer v. Commercial Nat. Bank,* 23 Utah, 393, 397, 64 Pac. 1108, held that creditors of an insolvent estate cannot bring an action in their own name to set aside a debt made by decedent in his lifetime without demand on and refusal

by the administrator to sue. In the present case it is not necessary to determine whether the creditor could maintain such an action if the property sought to be reached were claimed by third parties, and therefore upon this question we express no opinion. We are here called upon to decide only the question whether the creditor under such circumstances as exist in this case where the administratrix herself is adversely claiming property which the creditor alleges belongs to the estate may maintain the action, and this question we decide in the affirmative.

It is next urged by respondent that recovery is based upon an order of court in 1893, directing payment for the support of appellant and minor children, made not pending the trial of the action, but inserted in the final judgment entered after trial at the final determination of the action. If we understand respondent's contention in this connection correctly, it is that since no divorce was granted, the court was without authority to make an order for alimony, and that therefore the judgment, exceeding the statutory authority, is void on its face.

While there are conflicting decisions upon this point, the weight of authority holds that courts of equity have inherent jurisdiction to award separate maintenance for the support of the wife and minor children independent of any action for divorce and independent of any statutory provision. (1 R. C. L. 875–881, secs. 14–19, inclusive, where the history of the rule is exhaustively reviewed.) In this state a suit for separate maintenance may be maintained by a wife, based on C. S., sec. 4654. (*Galland v. Galland,* 38 Cal. 265; *Livingston v. Superior Court,* 117 Cal. 633, 49 Pac. 836, 38 L. R. A. 175.)

It is next insisted by respondent that the order for payment for the support of appellant and minor children, though written into a final judgment, was only an interlocutory order and not a final judgment, since it recites that the payments are to be made "until further order of this court," and that an interlocutory order can only be enforced by the

court making the order and will not sustain an action for money.

The order directing the deceased to pay appellant $15 per month was not an interlocutory order, under the weight of authority, but a final judgment as to instalments actually accrued. The inclusion of the words "until further order of this court" did not alter the nature of the decree, for the reason that such an order, although final as to instalments actually accrued (*McGregor v. McGregor*, 52 Colo. 292, 122 Pac. 390), is, always subject to subsequent modification as to future payments upon an appropriate application and showing of changed conditions necessitating such modification. There is a conflict in the decisions as to whether or not such an order, which, either by virtue of the language of the decree or by statutory enactment or inherent authority of the court, is subject to modification, is such a judgment as will support an action, but many of the cases holding to the contrary have apparently done so because of a misinterpretation of the decision of the supreme court of the United States in *Lynde v. Lynde*, 181 U. S. 183, 21 Sup. Ct. 555, 45 L. ed. 810, see, also, Rose's U. S. Notes; *Israel v. Israel*, 148 Fed. 576, 8 Ann. Cas. 697, and note, 79 C. C. A. 32, 9 L. R. A., N. S., 1168, and note. But that court cleared up the confusion by its decision in *Sistare v. Sistare*, 218 U. S. 1, 20 Ann. Cas. 1061, and note; 30 Sup. Ct. 682, 54 L. ed. 905, 28 L. R. A., N. S., 1068, and note, see, also, Rose's U. S. Notes, reversing the supreme court of the state of Connecticut in the same case, 80 Conn. 1, 125 Am. St. 102, 66 Atl. 772, and holding that unless it appears from the law of the jurisdiction wherein such a decree was granted that the power of modification extends to accrued as well as to future instalments of alimony, a periodical allowance constitutes a final judgment within the meaning of the full faith and credit clause so far as instalments already accrued are concerned, provided no modification of the decree has been actually made prior to the maturity of such instalments. As stated in substance in a note to the text discussion of these cases in 1 R. C. L. 959, this decision, though stating

the rule more specifically, virtually affirms the doctrine of the earlier cases such as *Wagner v. Wagner,* 26 R. I. 27, 3 Ann. Cas. 578, 57 Atl. 1058, 65 L. R. A. 816, and *Arrington v. Arrington,* 127 N. C. 190, 80 Am. St. 791, 37 S. E. 212, 52 L. R. A. 201, which latter case was deemed to have been overruled by the earlier decision of *Lynde v. Lynde, supra.* See, also, *Rogers v. Rogers,* 46 Ind. App. 506, 89 N. E. 901, 92 N. E. 664; *McGregor v. McGregor,* 52 Colo. 292, 122 Pac. 390, the latter case sustaining an action in Colorado upon past due instalments awarded plaintiff by a California decree and reviewing the California statutes so far as applicable, which are essentially the same as the Idaho statutes, and following the rule announced in the Sistare case. (*Cheever v. Kelly,* 96 Kan. 269, 150 Pac. 529; *Nelson v. Nelson* (Mo.), 221 S. W. 1066.) The same rule obtains when the action is brought in the same state where the decree was rendered. (*Lancaster v. Lancaster,* 29 Ill. App. 510; *Hansford v. Van Auken,* 79 Ind. 302; Freeman on Judgments, 4th ed., sec. 434.)

The judgment relied upon in this case did not contain a decree of divorce, but was a judgment for separate maintenance only. The statutory authority to modify the amount of alimony where a decree of divorce is granted does not apply. But the principle which sustains the rule in the McGregor case applies with even greater force to a judgment for separate maintenance such as we have under consideration in this case.

Moreover, where, as appears in this case, the husband dies without seeking a modification of the decree, it may be enforced against his estate as to the instalments which accrued prior to his death, even though the law would have permitted its modification during his lifetime (*Wagner v. Wagner, supra; Martin v. Thison's Estate,* 153 Mich. 516, 126 Am. St. 537, 116 N. W. 1013, 18 L. R. A., N. S., 257; *McIlroy v. McIlroy,* 208 Mass. 458, Ann. Cas. 1912A, 934, 94 N. E. 696; *Stone v. Duffy,* 219 Mass. 178, 106 N. E. 595), subject, of course, to any defense which may be available and properly set up in the answer.

The second cause of action, therefore, is sufficient, unless, as respondent contends, it is barred by the statute of limitations. To toll the statutory period of six years within which actions upon judgments or decrees may be brought, prescribed by C. S., sec. 6608, appellant has alleged that deceased removed from Idaho soon after the order was made and remained outside of the state. While this allegation is indefinite, we do not believe that it is subject to the criticism offered by respondent that the statute would not be tolled if appellant who had the cause of action also lived out of the state. So far as the complaint discloses no other statute of limitations than that above referred to is involved, and C. S., sec. 6622, expressly provides that "the time of his absence is not part of the time limited for the commencement of the action."

Respondent further contends that whenever the action was barred for the first instalment, the bar was complete as to all instalments. Upon this point again the authorities are in apparently hopeless conflict, one line of authorities holding that the statute of limitations begins to run from the date of the judgment and that in order to keep the judgment alive it must be revived by some appropriate action, as any other judgment. (See notes to *Lemert v. Lemert,* 72 Ohio St. 364, 2 Ann. Cas. 914, 106 Am. St. 621, 74 N. E. 194; *Peeke v. Fitzpatrick,* 74 Ohio St. 396, 6 Ann. Cas. 824, 78 N. E. 519; *Van Ness v. Ransom,* 215 N. Y. 557, Ann. Cas. 1917A, 580–582, 109 N. E. 593, L. R. A. 1916B, 852.) But the weight of authority, and to our mind the better rule, is to the effect that where a judgment is made payable in instalments, the statute of limitations applies to each instalment separately and does not begin to run on any instalment until it is due. (*De Uprey v. De Uprey,* 23 Cal. 352; *Gaston v. Gaston,* 114 Cal. 542, 55 Am. St. 86, 46 Pac. 609; *Knapp v. Knapp,* 59 Fed. 641, 644; *Arrington v. Arrington, supra; McGill v. McGill,* 101 Kan. 324, 166 Pac. 501; *Arndt v. Burghardt,* 165 Wis. 312, 162 N. W. 317; 23 Cyc. 1510.)

The judgment is reversed and the cause is remanded for further proceedings.   Costs are awarded to appellant.

Rice, J., concurs.

MORGAN, C. J., Concurring.—I concur in the conclusion reached, but do not desire to be understood as giving assent to the discussion in the opinion of the right to trial by jury in cases of this kind.   That question is not before the court in this case.