(No. 6569.   July 19, 1938.)

MARTHA SAUVAGEAU, Respondent, v. ARCHIE SAU-VAGEAU, Appellant.

[81 Pac. (2d) 731.]

Wm. D. Keeton, for Appellant.

W. B. McFarland, for Respondent.

AILSHIE, J.—This action was commenced by respondent against appellant for a decree of divorce and custody of their two minor children, on the grounds of cruelty. The court found in favor of respondent on all the issues, except that he found the evidence insufficient "to sustain the allegation of the complaint that for more than six weeks immediately preceding the commencement of the action, plaintiff was a resident of the State of Idaho"; and apparently on that ground the court denied the respondent a decree of divorce. He entered decree, however, awarding the custody of the oldest boy (about ten years of age) to the appellant and the custody of the youngest (about five years of age) to respondent; and providing that each should have the privilege of visiting the child in the custody of the other at reasonable times, and that the children might be kept together during the months of July and August, one parent having them one month and the other the following month. The court further ordered that appellant pay to respondent the sum of $25 a month to assist in the maintenance of herself and minor child and that he also pay $12.40 costs and $50 attorney's fees.

Respondent did not appeal and the judgment denying her a decree of divorce has become final. The appellant appealed from that part of the judgment entered against him. This case not being ready to set for hearing at the last Coeur d'Alene term, respondent moved the court for an order advancing the case and setting it for hearing at the June term at Coeur d'Alene, and at the same time made a motion for an order directing the payment of reasonable attorney's fees for presenting the case on appeal. Appellant immediately countered with a motion to extend his time to prepare, serve and file his brief on appeal. After fully considering the matter, the court ordered the hearing on the case with permission to appellant to file his brief later, and respondent to reply if she desired to do so. Briefs have now been filed and we should observe, in the outset, that it appears that appellant is in contempt of the district court for failure to

comply with the order and judgment of the court, requiring him to pay attorney's fees and monthly support and maintenance for the wife and child. Under such circumstances, it is doubtful if the appellant would be entitled to a hearing on appeal until he either complies with the order or purges himself of contempt; but we are not passing on that question (*Vollmer v. Vollmer*, 43 Ida. 395, 399, 400, 253 Pac. 622; *Bedke v. Bedke*, 57 Ida. 443, 449, 65 Pac. (2d) 1029) for the reason that the respondent is the one in whose favor the order was made and she is the one who applied to the court to set the case down for hearing on its merits.

Eleven assignments of error have been made but they all reduce themselves to one proposition, as said in appellant's brief: "The assignment of errors can be generally considered together without taking each up separately." Counsel for appellant further says:

"It is my position that when the court found he did not have jurisdiction of the subject matter and denied the divorce, there was nothing to do but dismiss the action and enter judgment accordingly. . . . . In this case, there is no action pending. The divorce has been denied, the denial of the divorce has not been appealed from and the question before the court has to do with the right of the court to award children, grant alimony and make other decisions which are only incidental to the main action—the relief in the main action having been denied."

The whole issue, as presented and contended for by appellant, is: That if the trial court denies a decree of divorce, it is without further jurisdiction to make or enter any order for the care or custody of the children or the maintenance of the wife. This controversy has long since become a settled question in this jurisdiction. In *Simonton v. Simonton*, 33 Ida. 255, 262, 193 Pac. 386, this court said:

"It is next urged by respondent that recovery is based upon an order of court in 1893, directing payment for the support of appellant and minor children, made not pending the trial of the action, but inserted in the final judgment entered after the trial at the final determination of the action. If we understand respondent's contention in this connection

correctly, it is that since no divorce was granted, the court was without authority to make an order for alimony, and that therefore the judgment, exceeding the statutory authority, is void on its face.

"While there are conflicting decisions upon this point, the weight of authority holds that courts of equity have inherent jurisdiction to award separate maintenance for the support of the wife and minor children independent of any action for divorce and independent of any statutory provision. (1 R. C. L., 875–881, secs. 14–19, inclusive, where the history of the rule is exhaustively reviewed.) In this state, a suit for separate maintenance may be maintained by a wife, based on C. S., sec. 4654. (Sec. 31–901, I. C. A.) (*Galland v. Galland*, 38 Cal. 265; *Livingston v. Superior Court*, 117 Cal. 633, 49 Pac. 836, 38 L. R. A. 175.)"

In *Vollmer v. Vollmer*, 47 Ida. 135, 147, 273 Pac. 1, the court approved the Simonton case and said:

"Under points and authorities No. 5, the appellant cites authorities to the effect that separate maintenance cannot be awarded in the absence of conditions authorizing a divorce, and that the court therefore erred in awarding separate maintenance. This point is nowhere made in the assignments of error, unless it be in the assignments going to the jurisdiction of the court to allow attorney's fees and costs, or the general assignment of error in the judgment in allowing separate maintenance. This court has determined that 'courts of equity have inherent jurisdiction to award separate maintenance for the support of the wife and minor children independent of any action for divorce and independent of any statutory provision.' *Simonton v. Simonton*, 33 Ida. 255, 262, 193 Pac. 386, 388."

The Simonton case was again followed in *Walker v. Manson*, 49 Ida. 468, 474, 289 Pac. 86, wherein the court said:

"*Simonton v. Simonton*, 33 Ida. 255, 193 Pac. 386, held under C. S., sec. 4654, [sec. 31–901, I. C. A.] without reference to sec. 4642, [Sec. 31–704, I. C. A.] that the courts of this state had jurisdiction to entertain an action for separate maintenance under the equitable powers of the court, which is in line with the general law on this subject. (30 C. J. 1078,

sec. 877.) The authority for the amount of the award for maintenance must be found in the general equitable powers of courts in such circumstances, since we had no statute, and have none now, with regard to this particular proposition; and *Simonton v. Simonton* must have contemplated some award, since that is the only purpose of separate maintenance. (*Hilton v. Second Judicial District Court*, 43 Nev. 128, 183 Pac. 317; *Simonton v. Simonton*, 40 Ida. 751, p. 759, 236 Pac. 863, 42 A. L. R. 1363.)"

So, it will be seen from the foregoing authorities, that it has been the uniform rule in this state for the trial courts to entertain jurisdiction to direct the payment of maintenance and support for a wife and minor children, when for good reason she is living separate and apart from the husband; and also to direct the payment of attorney's fees for the prosecution of such action. (*Vollmer v. Vollmer, supra,* p. 146.) The fact that a decree of divorce has been denied does not oust the court of jurisdiction to make appropriate orders for the custody, care and welfare of the minor children and the maintenance of the children and wife. The children must be cared for and supported whether the husband and wife live together or not, and notwithstanding the fact that neither one may have any cause for divorce. The state is interested in the children and the court will guard their interest and welfare. These orders are necessarily subject to the control of the court and do not become final, and may be enforced in contempt or other appropriate proceedings. This is necessarily so for the reason that conditions change from time to time, both in the financial condition of the respective parties and also as to their fitness, situation and surroundings to have the care and custody of the minor children. In the present case the trial court found that plaintiff's allegations of cruelty against defendant were true and further found that it would be to the best interests of the children that the older one be left in the custody of the father and that the younger one be awarded to the mother. The court made no findings adverse to the character or fitness of either one of the parties to have custody of these children.

Moreover each parent is liable in law for the support and maintenance of their minor children. (*Keyes v. Keyes*, 51 Ida. 670, 674, 9 Pac. (2d) 804.) The question of the custody of the children must always be solved by determining what will be to the best interests of the children (1 Schouler, Marriage, Divorce, Separation, etc., secs. 744–746) although, all other things being equal, the mother is considered the best qualified to have the custody of children of tender age and of young girls. In this respect the common-law rule has been modified by the modern American cases. (See sec. 587, Keezer on Marriage and Divorce, 2d ed., and cases cited in notes 20, 21 and 22 to that section.)

The contention made by appellant, that a complaint alleging grounds for divorce and praying a decree awarding custody of the children and disposing of property rights, is not sufficient upon which to decree separate maintenance and custody of children, where the main purpose of the action (divorce) is denied, is unsound. No materially different facts would be necessary or could be alleged for separate maintenance and custody and support of children. In either event, good cause must be shown for the allowance of support and maintenance for the wife; and the same state of facts must be shown with reference to care and custody of the children, whether the parties be divorced or simply live separate and apart. *Simonton v. Simonton, supra,* arose out of an action where a decree of divorce was denied and the court entered a decree directing the payment of support and maintenance for the wife and minor children. *Vollmer v. Vollmer, supra,* is a case where divorce was denied to each of the parties and decree was entered awarding the wife support and maintenance and the custody of the minor child. *Walker v. Manson, supra,* arose out of a case where the wife had simply sued for separate support and maintenance. In support of the views herein expressed, we call attention to the following authorities from other jurisdictions: *Urbach v. Urbach,* 52 Wyo. 207, 73 Pac. (2d) 953, 113 A. L. R. 889; *Mollring v. Mollring,* 184 Iowa, 464, 167 N. W. 524; *Horton v. Horton,* 75 Ark. 22, 86 S. W. 824, 5 Ann. Cas. 91; *In re Spence,* 22 Eng.

Ch. Rep. 246; Schouler on Marriage and Divorce, 6th ed., p. 2030.

We conclude that the judgment of the lower court should be affirmed. It appears that the appellant is in contempt of the trial court for his failure to comply with the order of the court in the payment of costs, attorney's fees and maintenance, and upon the going down of the *remittitur* it will be necessary for him to purge himself of contempt. He also prosecuted this appeal and rendered it necessary for respondent to be represented by counsel on the appeal; and while it does not appear that he is able to pay what may be termed a reasonable attorney's fee for that purpose, he will, nevertheless, be required to make a sufficient payment to cover costs, clerical and office expense of respondent's counsel. It is therefore ordered that within thirty days after the going down of the *remittitur*, appellant pay to the clerk of the district court, to be paid over to respondent's attorney, the sum of $50, together with any sum that may be taxed as costs in favor of respondent on this appeal. This latter order is independent of and in addition to the order of the district court for the payment of attorney's fees, maintenance and costs incurred in that court.

The judgment of the trial court is affirmed. Costs awarded to respondent.

Holden, C. J., and Morgan, Budge and Givens, JJ., concur.