347 P.2d 337

Annette ROBERTSON, Plaintiff-
Cross-Defendant-Respondent.

v.

Robert K. ROBERTSON, Defendant-
Cross-Complainant-Appellant.

No. 8754.

Supreme Court of Idaho.

Dec. 9, 1959.

J. H. Felton, Lewiston, for appellant.

Jerry V. Smith, Lewiston, for respondent.

TAYLOR, Justice.

Plaintiff (respondent) brought this action for divorce upon the ground of extreme cruelty. Defendant (appellant) cross-complained, seeking a divorce on the same ground.

After trial of the issues the court made findings of fact and conclusions of law in favor of the plaintiff and entered its decree awarding her a divorce, temporary custody of three minor children of the parties, certain household property, and requiring defendant to pay $100 per month for child support. Defendant prosecutes this appeal from the decree.

The parties were married September 18, 1951. The three children, issue of the marriage, are: Roberta, age four years; Robert, age three years; Andrew, age two years. During the marriage the parties lived in a seven-room house located upon property belonging to the estate of defendant's deceased father, and held in trust for the use and benefit of defendant.

█ █ On or about January 3, 1958, plaintiff left the home of the parties and for a time stayed at the home of a friend. She testified the reason for the separation was that she could no longer endure defendant's cruel treatment. Thereafter, she rented an apartment where she lived with the children pending the divorce proceed-

ings. Her parents in New York helped her with clothing for the children and gave her $100 a month. The defendant arranged for credit at a grocery store of $20 per week, which, however, was not always available. Plaintiff testified she obtained credit at the store in the total amount of $210 from March to the time of trial in October, 1958. Plaintiff rented one bedroom in the apartment to a married man, temporarily separated from his wife, at a rental of $20 per week, the tenant also taking his meals at the apartment. She testified she was required to take in the boarder in order to provide support for the children, and that she would not have done so except for such necessity. As to cruelty, the court found:

"That since the marriage of the parties the defendant and cross-plaintiff without just cause or provocation therefor, has inflicted a course of extreme cruelty and inhuman treatment upon and towards the plaintiff and cross-defendant as follows, to-wit:

"a. That defendant and cross-plaintiff quarreled with the plaintiff and cross-defendant on frequent occasions; that he directed vile and abusive language towards the plaintiff and cross-defendant on such occasions and threatened her with physical violence with a knife; that defendant and cross-plaintiff on the occasion of such quarrels would lose all control of his temper and throw articles of furniture and furnishings about the house, destroying the same.

"b. That defendant and cross-plaintiff for more than one (1) year prior to the separation of the parties displayed no love or affection for plaintiff and cross-defendant and removed himself from the room of the parties within their home and slept and kept himself in another room in the house, separate from that of the plaintiff's and cross-defendant's.

"c. That defendant and cross-plaintiff displayed an improper interest in female companions other than the plaintiff and cross-defendant.

"That while Annette Robertson has lived in the same house with one Earl Plank, who is a married man whose wife lives and resides in the city of Orofino, such incident occurred after the parties had separated and the proof adduced was insufficient to establish that said Annette Robertson and Earl Plank voluntarily associated together and lived together as husband and wife.

"That the minor children of the parties are presently in the custody of the plaintiff and cross-defendant; that plaintiff and cross-defendant cares for said minor children in a loving and motherly manner and that said children are healthy, well-kept and well taken

care of and that plaintiff and cross-defendant is better able to have the care, custody and control of said minor children, subject to the control of this court; that the circumstances of plaintiff and cross-defendant's permitting the said Earl Plank to reside with her in the same apartment are indiscreet and this has given rise to a situation where she has a bad reputation for morality in the community in which she lives; that she should not be allowed to continue with the care, custody and control of the children unless she causes the said Earl Plank to remove himself from the premises and unless she conducts herself in such manner as to improve the moral surroundings under which the children are being reared."

The findings are supported by the evidence and are, therefore, not subject to reversal. Brashear v. Brashear, 71 Idaho 158, 228 P. 2d 243; Gapsch v. Gapsch, 76 Idaho 44, 277 P.2d 278, 54 A.L.R.2d 416.

In its decree the court provided that the custody of the children,

" * * * be and the same hereby is awarded to the plaintiff and cross-defendant, until further order of the Court; that the defendant and cross-plaintiff shall have the right to visit and associate with his children at reasonable times and places and the plaintiff and cross-defendant is hereby directed to accord him such right; that plaintiff and cross-defendant shall not remove said children from the court's jurisdiction until further order of the court.

"The court specifically retains jurisdiction to review the question of custody of the children at the end of a six month period, to commence on the 1st day of November, 1958, for the purpose of finally determining the question of the care, custody and control of the minor children; during such time the plaintiff and cross-defendant shall remain away from bars, taverns and other places where alcoholic beverages are imbibed and shall not entertain men in her apartment, nor maintain a boarding house for male roomers and boarders and shall cause Earl Plank to remove himself from her apartment and refrain from association with married men and otherwise avoid conducting herself in an indiscreet manner."

Defendant assigns as error the award of custody to plaintiff, particularly urging improper and immoral relationship between plaintiff and the boarder, Plank. Defendant testified that he occupied a room for two weeks in May, 1958, in a rooming house, with a window facing the apartment where his wife and the boarder lived; from this window he watched the apartment

to observe the conduct of his wife; he saw her and the boarder leave and return together on several occasions and that on one occasion while they were washing dishes in the kitchen they put their arms around one another and appeared to be dancing. As found by the court, the presence of the boarder in plaintiff's apartment occasioned rumors of impropriety on the part of plaintiff. However, there is no direct evidence of immoral conduct. The provisions of the decree reserving jurisdiction with respect to the custody, and for plaintiff's conduct in the meantime, are proper and well calculated to protect the best interests of the children. I.C. § 32–705. See Holden v. Holden, 63 Idaho 70, 116 P.2d 1003, where this court quoted the applicable rule from Sauvageau v. Sauvageau, 59 Idaho 190, 81 P.2d 731, as follows:

> " 'The question of the custody of the children must always be solved by determining what will be to the best interests of the children (1 Schouler, Marriage, Divorce, Separation, etc., secs. 744–746); although, all other things being equal, the mother is considered the best qualified to have the custody of children of tender age and of young girls.' " 63 Idaho at pages 77–78, 116 P.2d at page 1006.

The division of the little community property possessed by the parties and the allowance of $100 per month for support are amply sustained by the evidence.

Decree affirmed.

Costs to respondent.

SMITH, J., and GRAF and SPEAR, D. JJ., concur.

Chief Justice PORTER sat at the hearing, but did not participate in the decision.

KNUDSON and McQUADE, JJ., not participating.